R. M. EVANS, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. **EVIDENCE: Best Evidence Rule: Proving Contents of Written Instrument.** In an action against a railroad company for the loss of a box of household goods, plaintiff attempted to prove the delivery of the box to the defendant company by secondary evidence of the contents of a purported receipt for the box given by defendant to its connecting carrier. Plaintiff's witness testified that he had delivered this receipt to defendant to enable it to make an investigation and that the receipt was never returned. *Held*, that the testimony of the contents of the receipt was inadmissible and should, on objections, have been excluded under the best evidence rule.

2. ———— : ———— : ————: Obtaining Evidence in Possession of Opposite Party. Section 737, et seq. R. S. 1899, provides a simple and effective method of obtaining production of papers in the hands of the opposite party, and secondary evidence of the contents of an instrument in the possession of the opposite party, should be excluded where it appears that no effort was made to obtain the production of such instrument.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*N. A. Mozley* and *James F. Green* for appellant.

*Charles Liles* for respondent.

NIXON, P. J.—This was an action by Mrs. R. M. Evans to recover the value of a box of household goods alleged to have been received by appellant at Cairo, Illinois, from the Illinois Central Railroad Company, a connecting carrier, and which appellant undertook to deliver to respondent at Dexter, Missouri. A trial was had before the circuit court without a jury. No declarations of law were asked or given. Judgment was rendered in respondent's favor for $112 and costs.

The testimony of the plaintiff in her own behalf shows that she delivered at Hall's Station, Tennessee, for shipment, the box of goods in question; that the box was not tagged, directed or addressed to any point, but she says she paid the agent at Hall's Station seventy cents, the freight charge to Cairo, Illinois, and told him to "make it go to Kennett, Missouri." What railroad undertook this service in the first instance is not disclosed by the record, definitely; plaintiff did not know. She said that later, while at Kennett, Missouri, she received a letter "from the railroad agent at Cairo" as to the box being there and demanding money for freight and that she sent him $1.46 to have the goods shipped, not telling him by what road, "and he wrote me he had my goods started on the Iron Mountain." This was

objected to, but the objection was overruled. She didn't know what railroad said agent was acting for, but thought it was the Illinois Central, and she didn't know what she had done with the letter. "Q. State if you received a paper or receipt showing that the Iron Mountain Railroad had received the goods?" This was objected to for the reason that the receipt was the best evidence, but the objection was overruled, and she answered the question in the affirmative.

J. P. Tribble, who at first acted as plaintiff's attorney, testified that plaintiff delivered to him a letter from the Illinois Central Railroad Company acknowledging receipt of a remittance to pay charges on the goods, with a paper showing delivery by said railroad to the Iron Mountain and the destination marked "Dexter, Missouri." Proper objection to this was made and overruled. That the paper, as he remembered, was a receipt given by the Iron Mountain to the Illinois Central for these goods. An objection to this was also overruled. That after the loss occurred, he mailed this paper or receipt, together with the letter from the Illinois Central which had accompanied it, to the claim department of the Iron Mountain to enable it if possible to trace the goods. That the receipt and letter were never returned to him, and according to his recollection, acknowledgment was never made of their receipt by the railroad company. His recollection was that the paper or receipt was signed by the agent of the Iron Mountain and was a receipt from the Illinois Central for the goods. He did not know whether any notice or demand had been made upon the appellant to produce the paper or receipt alleged to have been sent by him to the claim department of the Iron Mountain. He said he made a memorandum at the time he sent the paper, and his recollection was that it showed that the paper was numbered 1124. "The memorandum I have shows a receipt of the Illinois Central, dated December 9, 1903, showing the delivery of the goods to the Iron Mountain February 27, 1904,

forwarded to the claim department of the Iron Mountain June 18, 1904." Proper objections to the foregoing were made and overruled. There is nothing in the record to show where the claim department of the Iron Mountain, to which witness referred, is or was situated; whether in this State or elsewhere.

J. E. Luby, the agent of the Iron Mountain at Cairo, Illinois, during the years of 1903 and 1904, stated without objection that he had made a careful examination of the books kept by the company, and that there was no record of the receipt of any box of goods from the Illinois Central to be shipped to Mrs. R. M. Evans; that no such box was delivered to the Iron Mountain for shipment, and that he was advised that the shipment had been forwarded by the agent of the Illinois Central to Chicago to be sold as unclaimed property. Without objection a "waybill for freight," said to have been furnished witness by the agent of the Illinois Central at Cairo, was identified by the witness and introduced in evidence. This shows that the box of goods was held by the Illinois Central at Cairo until September 10, 1905, and then forwarded by the Illinois Central to Chicago to be sold as unclaimed property.

This was all the evidence in the case.

The testimony as to the contents of the paper or receipt was clearly incompetent and should have been excluded. The best evidence rule has been so often declared as to need no further enunciation. If the paper or receipt necessary to establish the fact that the goods were properly delivered to the Iron Mountain had been turned over to the appellant's claim department, the statute provides a simple and most effective manner of obtaining its production. [Sections 737, 738 and 740, R. S. 1899.] The whereabouts of this paper or receipt is not mentioned in the record except the statement that it was sent to the claim department of the appellant. The contents of this paper or receipt are of vital interest to the maintenance of respondent's case, and as it

may, upon being produced and properly identified, show the delivery of the goods to the appellant, as is claimed, the judgment will be reversed and the cause remanded for a new trial. All concur.